UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
2016-

DENNIS DALY,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT and JURY DEMAND

**NOW COMES** Plaintiff, DENNIS DALY by and through his attorney, Michael G. Heilmann, P.C. and sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., A LIBERIAN CORPORATION, for damages, and alleging that:

1. Jurisdiction of this Court is based on 28 USC § 1332, diversity of citizenship and the damages in this matter, exclusive of interest, costs and attorney fees, exceed $75,000.00.

2. This action is within the jurisdiction of this Court pursuant to the General Maritime law of the United States, 28 USC § 1333,

3. That Defendant's Ticket of Passage contains a venue section clause which mandates that Defendant be sued in Miami, Florida before the Federal District Court to the exclusion of all other venues.

4. At all material times, Defendant, was and is a foreign corporation doing business and having substantial business contacts and a principal place of business at 1050 Caribbean Way, Miami, FL 33132-2096.

5. At all material times, Defendant owned, operated and managed the cruise ship "Liberty of the Seas" which was and is used for the transportation of passengers for hire upon international navigable waters.

6. At all material times, and on or about March 1, 2016, Plaintiff was an adult, was a fare-paying passenger, and was a business invitee of Defendant's Liberty of the Seas Cruise Ship.

7. On or around March 1, 2016, Plaintiff went on Defendant's water slide known as the "Perfect Storm."

8. While using Defendant's water slide, Plaintiff complied with all of Defendant's written and oral directions and instructions.

9. At the bottom of the Defendant's water slide, Plaintiff was violently and forcefully struck in the back, neck and/or shoulders by another individual who was using the Defendant's water slide, and Plaintiff sustained severe and permanent bodily injuries.

10. Plaintiff's severe and permanent bodily injuries have resulted in pain and suffering, disability, physical impairment, mental anguish, inconvenience, loss of earnings and loss of earning capacity in the future, reasonable costs of medical care and treatment in the past and to be so obtained in the future; further, all such conditions and maladies will continue into the future.

11. At all material times, Defendant through its crew, stewards, officers, and other personnel aboard the Liberty of the Seas, owed Plaintiff a non-delegable duty of reasonable care; duty to ensure passengers were safe from

unreasonable risks of harm; and duty to warn passengers of any unreasonable risks of harm aboard the vessel.

12. Defendant knew, or should have known, of the risk of harm to Plaintiff which could be and was caused by not properly spacing those who use Defendant's water slide.

13. Defendant knew, or should have known, of the risk of harm to Plaintiff which could be and was caused by allowing an individual to use Defendant's water slide when the Plaintiff had not made it safely out of the bottom of the water slide.

14. Defendant knew, or should have known, of the risk of harm to Plaintiff which could be and was caused by allowing inadequate water levels and/or inadequate water pressure in Defendant's water slide.

15. Defendant failed to inspect and monitor its water slide and warn Plaintiff of the hidden dangers, and should have expected and known that Plaintiff would not discover or be able to protect himself from the uncommon risks the water slide posed by the negligent and inadequate spacing of patrons.

16. Defendant failed to inspect and monitor its water slide and warn Plaintiff of the hidden dangers, and should have expected and known that Plaintiff would not discover or be able to protect himself from the uncommon risks the water slide posed by the negligent and inadequate water levels and/or inadequate water pressure in Defendant's water slide

17. Defendant knew, or should have known of the risk of harm to Plaintiff which could be and was caused by its water slide, the negligent and

inadequate spacing of patrons, and the negligent and inadequate water levels and/or inadequate water pressure in its water slide and should have warned Plaintiff of the possible dangers.

18. Notwithstanding these duties owed to Plaintiff under the law, Defendant was negligent and breached them in certain ways which include by illustration, and not of limitation, the following:

a. failing to adequately, reasonably, and fully inspect its water slide;

b. providing a water slide which was unreasonably dangerous and hazardous for humans as it did not have sufficient water levels and/or water pressure to ensure those using the water slide would be safely propelled all the way through;

c. allowing passengers to use the water slide without first ensuring each passenger could safely exit from the water slide in a safe manner without colliding with each other;

d. failing to warn that the water slide was unfit;

d. failing to take all reasonable precautions to ensure the safety of its passengers;

e. failing to properly maintain, control, and/or inspect, its water slide;

f. failing to exercise due care to prevent injury to its passengers;

g. failing to train employees to ensure all passengers could use the water slide safely;

h. failing to supervise employees to ensure all passengers could use the water slide safely;

i. failing to provide a "spotter," or other similar employees who could direct the proper and safe use of the water slide; and

4

      j.      other acts of negligence not yet known by Plaintiff, but which will be ascertained during the discovery of this litigation.

19. As a direct and proximate result of the above-mentioned negligence and breaches by Defendant, Plaintiff sustained serious and permanent injuries to his back, spine, and neck that include but, are not limited to, compressive vertebrae fracture(s) and contusion of the back that affect Plaintiff's daily life and other injuries that become apparent from his medical records and physicians during the course of discovery and/or otherwise permitted by law.

20. If it is found that Plaintiff may have had any prior pre-existing medical conditions then the actions and/or inactions of Defendant alleged herein aggravated those existing conditions.

21. Plaintiff's injuries are or may be permanent in nature and, as a direct and proximate result of Defendant's negligence, passive and/or active, and/or omissions, Plaintiff has suffered and will continue to suffer in the future pain, suffering, embarrassment, humiliation, mental anguish, the denial of social pleasures, disability, and other damages allowable by law and that may become apparent during the course of discovery.

22. As a direct and proximate result of the above-mentioned negligence and breaches by Defendant, Plaintiff incurred medical bills as a result of the abovementioned injuries, including hospitalization bills.

23. As a direct and proximate result of Defendant's conduct that was negligent, Plaintiff sustained injury and damages in an amount to be determined at trial.

24. Plaintiff has sustained medical expenses, loss of family vacation time and enjoyment already paid for, pain, suffering and will in the future sustain medical expenses as a direct and proximate result of the lack of seaworthiness of Defendant's Liberty of the Seas.

25. Plaintiff has performed all conditions precedent to maintaining this action as set forth in the ticket of passage and Plaintiff has received no notice of any deficiency in the notice from Defendant.

26. Plaintiff requests a jury trial of all issues triable by jury.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, post-judgment interest, the reasonable costs of this action and for any other relief as this Court may deem fair and just.

*/s/ Michael G. Heilmann*
Michael G. Heilmann
Florida Bar No. 353957
Attorneys for Plaintiff
23394 Goddard Road
Taylor, MI  48180
(734) 307-3800

Dated:  May 27, 2016

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial on all triable issues.

>*/s/ Michael G. Heilmann*
>Michael G. Heilmann
>Florida Bar No. 353957
>Attorneys for Plaintiff
>23394 Goddard Road
>Taylor, MI  48180
>(734) 307-3800

Dated: May 27, 2016